UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TAMARA B. RIDDLEY, INDIVIDUALLY                    PLAINTIFFS
AND ON BEHALF OF MORGAN TYLER
ROSE RIDDLEY, AND THE ESTATE
OF MARCUS RIDDLEY, DECEASED


VS.                          CIVIL ACTION NO. 3:07CV687TSL-JCS

WALGREEN COMPANY, ET AL.                            DEFENDANTS


WALGREEN COMPANY,                          THIRD-PARTY PLAINTIFFS
REMUS MONDS AND
REGINALD MAYFIELD


VS.

CAPITAL DEVELOPMENT COMPANY              THIRD PARTY DEFENDANTS


MEMORANDUM OPINION AND ORDER

     This cause is before the court on the motion of third-party

plaintiffs Walgreen Company (Walgreen), Remus Monds and Reginald

Mayfield for leave to amend the third-party complaint to add

Fireman's Fund Insurance Company (Fireman's Fund) and National

Surety Corporation (National Surety) as additional defendants.

Third-party defendant Capital Development Company (Capital) has

responded in opposition to the motion, and the court, having

considered the parties' memoranda of authorities, together with

attachments, concludes that the motion is well taken and should be

granted.  Moreover, because the joinder of National Surety will

destroy diversity jurisdiction, inasmuch as Walgreen and National Surety are both Illinois corporations, it follows that the case must be remanded to the Circuit Court of Hinds County from which it was removed.

This third-party action has its genesis in a lawsuit filed by Tamara B. Riddley in the Circuit Court of Hinds County.  In November 2006, Riddley filed a wrongful death action against Walgreen, Monds, Mayfield and Pendelton Security Services in the Hinds County Circuit Court arising from the fatal shooting of Marcus Riddley in the parking lot of a Jackson, Mississippi Walgreen store.[1]  The premises where the shooting occurred is owned by third-party defendant Capital, and was leased by Capital to Walgreen.  It is undisputed that the lease agreement required Capital to procure a minimum of $1,000,000 of liability insurance coverage for death or bodily accident in any one accident, and that Capital, in fact, procured a $1,000,000 policy from Fireman's Fund, as well as an excess policy from National Surety.  The lease also required Capital to have Walgreen listed as an additional insured on its liability policy or policies; but according to Walgreen, this was not done.

---

[1]     Mond and Mayfield were manager of the Walgreen where the shooting occurred, and Pendleton Security Services had been hired to provide security at the site.

Thus, on September 5, 2007, three weeks before the Riddley case was scheduled to be tried in Hinds County Circuit Court, Walgreen filed suit against Capital, and Capital's primary insurer, Fireman's Fund, in the United States District Court for the Northern District of Illinois, seeking a declaratory judgment that it is entitled to a defense and indemnity as an additional insured under Capital's Fireman's Fund policy, and alleging additionally and/or alternatively that Capital breached the lease agreement by failing to include Walgreen as an additional insured. Walgreen alleged additionally that Capital breached the lease agreement by failing to provide security for the parking lot. Jurisdiction over the Illinois federal suit was premised on diversity of citizenship, as the amount in controversy obviously exceeded $75,000, and the parties were of diverse citizenship.[2]

On September 7, 2007, two days after the Illinois action was filed and just three weeks before the trial of the Riddley case was scheduled to begin, Walgreen filed a motion in the Hinds County suit for leave to file a third-party complaint against Capital for indemnity, because, according to Walgreen, Capital had breached its duty under the parties' lease agreement to provide security for the subject parking lot and also was obligated under

---

[2] Fireman's Fund responded to Walgreen's complaint with its own counterclaim for a declaratory judgment, seeking a determination that Walgreen is not an additional insured under its policy.

3

the lease to indemnify Walgreen for any judgment Riddley might obtain against Walgreen.

Prior to a ruling on that motion, and shortly before the trial date, Walgreen agreed to settle Riddley's claim for an amount in excess of $1,000,000.  On the same day the settlement was announced, the state court entered an order allowing Walgreen to file its proposed third-party complaint against Capital.  The complaint was filed on October 4, 2007, and, on November 21, 2007, within thirty days of being served with process, Capital filed its notice of removal, asserting federal jurisdiction based on diversity of citizenship.

Following removal, Walgreen filed two separate motions seeking remand.  In the first, Walgreen argued that removal was improper for two reasons:  first, the notice of removal was untimely under 28 U.S.C. § 1446(b), having been filed more than a year after commencement of the state court suit;[3] and second, the third-party action was not removable because the third-party claim was not "separate and independent" from the main claim, as

_____

[3]     Section 1446(b) provides, in pertinent part:
If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service of otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

4

required by 29 U.S.C. § 1441(c).[4]   Walgreen contemporaneously moved to amend its third-party complaint to add as additional third-party defendants Capital's liability insurers, Fireman's Fund (its primary insurer) and National Surety (its excess carrier), and in connection with this motion, Walgreen points out that because National Surety, like Walgreen, is an Illinois corporation, joinder of National Surety as a defendant will destroy diversity so that the case will have to be remanded.

---

[4]

    Although defendant purported to rely on § 1441(c) as the source of its right to remove, that statute only provides for removal of "a separate and independent claim within the jurisdiction conferred by [28 U.S.C. § 1331]," the statute providing for federal question jurisdiction.  Section 1441(c), section does not apply to a removal based on diversity.  Thus, if Capital were entitled to remove, an issue which the court ultimately finds it unnecessary to resolve, <u>see</u> <u>infra</u> note 5, the source of that right would have to be § 1441(a).

The court first considers the motion to amend.[5]   National
Surety and third-party plaintiffs point out that Walgreen's lease
agreement with Capital required Capital to procure a minimum of
$1,000,000 of liability insurance coverage for death or bodily
injury in any one accident, to acquire excess coverage if

---

[5]

    If the motion to amend is granted, and the court concludes
that it will, the court avoids deciding the more difficult issues
presented by plaintiffs' alternative motion to remand, which
questions Capital's right to remove in the first place.  While the
majority of courts hold that the right to remove does not extend to
third-party defendants, the Fifth Circuit has recognized an
exception to this rule, holding that a third-party defendant can
remove a severed claim on the basis of diversity jurisdiction since
removal does not deprive the plaintiff of his chosen and
appropriate forum.  See Central of Georgia Ry Co. v. Reigel Textile
Corp., 426 F.2d 935 (5th Cir. 1970).  One district court in this
circuit has held that the policies which underlie this exception
apply equally where there has been a settlement and resulting
dismissal of the main claim.  See Johns, Pendleton & Assocs. v.
Miranda, Warwick & Milazzo, 2002 WL 31001838 (E.D. La. Sept. 4,
2002).  However, another district court in this circuit,
considering same issue, has reached a contrary conclusion.  See
ConocoPhillips co. v. Turner Indus. Group., L.L.C., 2006 WL 213956
(S.D. Tex. Jan. 24, 2006).  Though the court tends to consider the
court's reasoning in Johns, Pendleton & Associates to be the more
persuasive, there still remains the question whether a removal by a
third-party defendant in a case such as this is allowable more than
a year after the main claim was commenced.  Capital argues that the
one-year time limit on diversity removals (28 U.S.C. § 1446(b))
began to run only after it was served with process, because only
then was the case "commenced" as to it.  See Braud v. Transport
Serv. Co. of Ill., 445 F.3d 801, 805 (5th Cir. 2006) (holding that
under the Class Action Fairness Act, "amendments which add a
defendant 'commence' the civil action as to the added party'" and
that "the addition of a new defendant 'opens a new window of
removal' under 1446(b)").   The Fifth Circuit has not considered
this holding in the context of the one-year limit on diversity
removals, and in light of the court's conclusion that the amendment
should be allowed, this court finds it unnecessary to do so.

6

commercially reasonable, and to name Walgreen as an additional insured.  They assert that in light of these provisions, the carriers through which Capital secured liability coverage, may be liable for all or part of the liability Walgreen has incurred as a result of Riddley's action against it.  Thus, they assert, good cause for the amendment exists because "it will avoid circuity of action and it will eliminate duplication of suits based on the same subject matter--the financial liability owed to Walgreen Co. for all or part of the liability Walgreen Co. incurred relative to the wrongful death claim brought against it by the original plaintiff."

Section 1447(e) of Title 28, United States Code, provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  Accordingly, when the court is faced "with an amended pleading naming a new nondiverse defendant in a removed case, [it] should scrutinize that amendment more closely than an ordinary amendment,"[6] Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), and "should consider a number of factors to balance the defendant's interests in

---

[6]    Under Rule 15(a) of the Federal Rules of Civil Procedure leave to amend "should be freely given when justice so requires."

maintaining the federal forum with the competing interests of not

having parallel lawsuits," _id._  Such factors include

> the extent to which the purpose of the amendment is to
> defeat federal jurisdiction, whether plaintiff has been
> dilatory in asking for amendment, whether plaintiff will
> be significantly injured if amendment is not allowed,
> and any other factors bearing on the equities.  The
> district court, with input from the defendant, should
> then balance the equities and decide whether amendment
> should be permitted.

_Id._  In the court's opinion, these factors do not, singly or in

combination, weigh against allowing the proposed amendment.

Chief among the bases urged by Capital for rejecting the

request to amend is its insistence that plaintiffs are forum

shopping and that their "sole purpose" in seeking to amend is to

divest this court of diversity jurisdiction.  That this is so,

Capital submits, is manifest, given that on the very day

plaintiffs filed their motion to amend the third-party complaint

in this case to add Fireman's Fund and National Surety, Walgreen

moved to voluntarily dismiss its complaint against Capital and

Fireman's Fund in Illinois.  However, it seems apparent to the

court that third-party plaintiffs' decision to dismiss the

Illinois case and to pursue the indemnity claims against Capital

and the insurers in Mississippi was not an effort to avoid this

court's jurisdiction, but was instead prompted by Capital's own

motion to dismiss the Illinois case for failure to join National

Surety, which it claimed in that action was an indispensable

party.

The record reflects that in a November 14, 2007 motion to
dismiss filed in Walgreen's suit in the Northern District of
Illinois, Capital pointed out that Walgreen had successfully filed
a third-party action against it in Mississippi state court, and
stated that it anticipated that Walgreen "has filed or will file
similar third-party complaints."  In order to prevent duplicative
and piecemeal litigation, which Capital deemed prejudicial to its
interests, Capital urged that the Illinois district court should
dismiss, not simply stay, the action pursuant to <u>Brillhart v.
Excess Ins. Co. of Am.</u>, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed.
1620 (1942) (recognizing district courts' discretion to dismiss a
declaratory judgment action when a parallel suit not governed by
federal law and presenting the same issues is pending in state
court).  Capital further argued to the Illinois court that
dismissal was required under Rules 12(b)(7) and 19, governing
joinder of parties, because Walgreen had failed to join an
indispensable party whose presence would destroy diversity,
namely, National Surety.

For their part, third-party plaintiffs deny they are forum
shopping, and instead maintain that they simply desire to have all
the necessary parties in one suit, which necessarily requires that
this court remand the action to state court, from which it was
removed and which was lauded by Capital (to the Illinois district
court) as more than capable of determining the dispute between the

parties.  As this explanation is entirely plausible, the court
concludes that this factor weighs in favor of allowing the
amendment.

The second factor, whether the plaintiffs have been dilatory
in seeking the amendment, likewise weighs in favor of allowing the
amendment.  Third-party plaintiffs explain that they sought leave
to amend as promptly as circumstances permitted.  Their motion,
they point out, was filed within two months of filing the third-
party complaint, and within a month of removal and of Capital's
motion to dismiss in the Northern District of Illinois, which is
when Walgreen first received confirmation that National Surety
was, in fact, Capital's excess carrier.[7]

As for third factor, risk of significant injury to plaintiffs
if amendment is not allowed, third-party plaintiffs urge that
failure to allow the amendment will force them to either litigate
similar suits in two different courts, which could prove costly
and time-consuming, or to forgo their claims against Fireman's
Fund and National Surety altogether.  The court agrees that
considerations of cost and efficiency militate in favor of not
requiring the third-party plaintiffs to prosecute separate actions

---

[7] According to third-party plaintiffs, they have been aware of
National Surety's identity but unsure of its obligation.  They note
that on September 24, 2007, Walgreen's former counsel requested a
copy of any excess insurance policy from Capital's counsel.
Walgreen represents that it has not received a copy of the policy
post-removal.

10

in two forums seeking the same relief from the same factual scenario.[8]  Accordingly, this factor weighs in favor of permitting the amendment.

Finally, the court turns to the fourth factor, "any other factors bearing on the equities."  As noted by plaintiffs, Capital argued in its motion to dismiss the Illinois suit that it and National Surety could be prejudiced if National Surety were not joined as a defendant.  This "significant risk of practical prejudice" to Capital and National Surety certainly weighs in favor of allowing the amendment.

Having weighed the Hensgens factors, the court concludes that the amendment should allowed and thus, that this action should be remanded to the state court.

Based on the foregoing, it is ordered that third-party plaintiffs' motion to amend their complaint is granted and that this action is remanded to the Circuit Court for the First Judicial District of Hinds County, Mississippi.

SO ORDERED this 7th day of February, 2008.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[8]
The court would note that unless Fireman's Fund voluntarily dismisses its counterclaim in the Illinois action, Walgreen will be required to litigate in at least two jurisdictions.

11